# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RHONDA NIMS, | |
| Plaintiff, | No. C05-0067 |
| vs. | **ORDER** |
| JOANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the court pursuant to the Defendant Commissioner of Social Security's June 16, 2005 motion to reverse and remand pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (docket number 7). The parties consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (docket number 6). The defendant's motion to reverse and remand is granted.

The plaintiff, Rhonda Nims, filed a Complaint (docket number 4) seeking review of the final decision of the Secretary of Health and Human Services denying her disability benefits under Titles II and XVI of the Social Security Act. In her Complaint, the plaintiff alleges that she is disabled and that by reason of her disability she is unable to engage in substantial gainful employment. In support of her Complaint, the plaintiff asserts that (1) the Administrative Law Judge's (ALJ) decision to deny benefits was not supported by substantial evidence; (2) the ALJ failed to follow the requirements of the social security rulings regarding determination of residual functional capacity; (3) the ALJ failed to give the required deference to the opinions of the plaintiff's treating physician; and (4) the ALJ erroneously discredited her subjective complaints.

Before the defendant filed an Answer to the plaintiff's Complaint, counsel for the defendant "carefully reviewed" the plaintiff's case "and requested the Appeals Council of

1

the Social Security Administration to reconsider the Commissioner's decision." The Appeals Council, upon review, "determined that remand was appropriate for further consideration" of the plaintiff's claim. The defendant now moves the court for an order reversing the decision of the ALJ and remanding the matter for further proceedings so that a supplemental hearing may be conducted,[1] in order that the ALJ may provide rationale for his finding at step-three, re-evaluate the credibility of the plaintiff's subjective complaints, and reassess the plaintiff's residual functional capacity in order to determine whether her residual functional capacity precludes her from performing her past relevant work other work in the national economy. The defendant notes that counsel for the plaintiff has been contacted in regard to this motion, and raises no objection.

Upon the foregoing,

IT IS ORDERED that the defendant's motion to reverse and remand pursuant to sentence six of section 205(g), 42 U.S.C. § 405(g) is granted. This matter is remanded to the Commissioner of Social Security for further proceedings.

June 28, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Sentence six of section 205(g) of § 42 U.S.C. § 405(g) states, in relevant part:
> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . and the Commissioner of Social Security shall, after the case is remanded . . . modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision . . .